Mr. Raymond Simon, Director Arkansas Department of Education #4 State Capitol Mall Little Rock, AR 72201-1071
Dear Mr. Simon:
You have requested my opinion on the following questions:
 (1) Is an applicant for employment in a non-certified position with a local public school district eligible for employment with the school district pursuant to A.C.A. § 6-17-414 when that person pled guilty, nolo contendere, or was found guilty of a criminal offense listed in subsection (b)(1) of A.C.A. § 6-17-414, and when the sentence was pursuant to Act 346 of 1975 or any other expungement provisions in law and the applicant has fulfilled the terms and conditions of Act 346 or other expungement provisions?
 (2) Is the Department required to determine that an applicant is ineligible for employment in a non-certified position with a public school district pursuant to A.C.A. § 6-17-414 when the sentence was pursuant to Act 346 or other expungement provisions, but the applicant's conviction has not yet been expunged from the criminal background results reported to the Department?
 (3) Pursuant to A.C.A. § 6-17-414, is the Department to rely only on the criminal background information reported to the Department by the Arkansas State Police when determining whether an applicant is eligible for employment, or must the Department review the entire court record when a party challenges the criminal background information reported to the Department?
 (4) If the Department is required to review the full court record to determine the eligibility status of an applicant when the A.C.A. § 6-17-414 criminal record is challenged, who has proper standing to challenge the criminal record reported to the Department (i.e., the applicant, the employer, court officer, other parties)?
RESPONSE
Question 1 — Is an applicant for employment in a non-certified positionwith a local public school district eligible for employment with theschool district pursuant to A.C.A. § 6-17-414 when that person pledguilty, nolo contendere, or was found guilty of a criminal offense listedin subsection (b)(1) of A.C.A. § 6-17-414, and when the sentence waspursuant to Act 346 of 1975 or any other expungement provisions in law andthe applicant has fulfilled the terms and conditions of Act 346 or otherexpungement provisions?
It is my opinion that an applicant whose record has been expunged under the provisions of Act 346 of 1975 is not eligible for employment with the school district. The result will be the same if this person's record was expunged pursuant to A.C.A. §§ 5-64-407, 5-4-311, 16-90-601, 16-90-602,16-90-605, 16-93-301—16-93-303, or 16-93-1207. If this person's record was expunged under other provisions of law, the question of whether he or she is eligible for the non-certified position will depend on the specific provision under which the record was expunged.
The expungement law to which you have specifically referred, Act 346 of 1975 (A.C.A. § 16-93-301 et seq.), popularly known as the "First Offender Act," permits certain first offenders to have their criminal records expunged under certain circumstances. Under this Act, an eligible defendant pleads guilty or nolo contendere before an adjudication of guilt, and the judge places the defendant on probation. If the defendant successfully fulfills all the terms and conditions of the probation, an adjudication of guilt is never entered, the defendant's record is expunged, and the case is dismissed. The significant difference (for purposes of your question) between these expunged defendants and defendants who are not eligible for expungement is that if a non-eligible defendant pleads guilty or nolo contendere, an adjudication of guilt is
entered on that defendant's record, and he or she is deemed to have been "found guilty" and has a "conviction" on his or her record. This difference becomes particularly significant in interpreting laws such as A.C.A. § 6-17-414, as explained more fully below.
Under the First Offender Act, the meaning of "expungement" for purposes of that act, and the effect and procedures for expungement, are to be governed by the provisions of A.C.A. § 16-90-901 et seq. (the uniform expungement law). In this regard, the First Offender Act states:
 As used in §§ 16-93-301—16-93-303, unless the context otherwise requires, the procedure, effect, and definition of "expungement" shall be in accordance with that established in § 16-90-901 et seq.
A.C.A. § 16-93-301.
The referenced definition of "expungement" in A.C.A. § 16-90-901
states in pertinent part:
 (a)(1) As used in §§ 5-64-407, 5-4-311, 16-90-601, 16-90-602, 16-90-605, 16-93-301—16-93-303, and 16-93-1207," expunge" shall mean that the record or records in question shall be sealed, sequestered, and treated as confidential in accordance with the procedures established by this subchapter.
 (2) Unless otherwise provided by this subchapter, "expunge" shall not mean the physical destruction of any records.
A.C.A. § 16-90-901(a).
The effect of expungement under Act 346 is to be that which is set forth in A.C.A. § 16-90-902, which states:
 (a) An individual whose record has been expunged in accordance with the procedures established by this subchapter shall have all privileges and rights restored, shall be completely exonerated, and the record which has been expunged shall not affect any of his civil rights or liberties, unless otherwise specifically provided for by law.
 (b) Upon the entry of the uniform order to seal records of an individual, the individual's underlying conduct shall be deemed as a matter of law never to have occurred, and the individual may state that no such conduct ever occurred and that no such records exist.
A.C.A. § 16-90-902 (emphasis added).
I have previously concurred with the position of my predecessors that if a statute prohibits certain activities by a person who has "pled guilty or nolo contendere" or has been "found guilty" of certain offenses, that statutory reference to pleading guilty or nolo contendere has the effect of overriding an expungement. See Op. Att'y Gen. No. 99-237, fn 2. In other words, such statutory language is what is referred to in A.C.A. §16-90-902 by the phrase "unless otherwise specifically provided for by law." My predecessors took the position that such statutory language in effect means that the expungement laws will not apply. Instead, the more specific provisions of the prohibition will control. See, e.g., Ops. Att'y Gen. Nos. 98-007; 96-387; 94-148; 89-093; 89-056. The reasoning that has supported this position is that the legislature, in making specific reference to persons who have pled guilty or nolo contendere (and not merely to persons who were "found guilty" or who had "convictions" on their records), was intentionally including defendants who have not been adjudged guilty and whose records have been expunged. As noted previously, defendants whose records have not been expunged actually have "convictions" (adjudications of guilt) entered on the record, even if they pled guilty or nolo contendere and are deemed to have been "found guilty." If the legislature had intended to exclude those without adjudications of guilt and whose records have been expunged, it would have simply used the words "convicted" or "found guilty" in the applicable statute. (For an explanation of this issue, see Op. Att'y Gen. No. 96-387.) Therefore, it was necessary for the legislature to refer to persons who pled guilty or nolo contendere in order to include persons who were not adjudged guilty and who therefore did not have "convictions" on the record — i.e., persons whose records have been expunged. This interpretation of the reference to pleading guilty or nolo contendere has the effect of assuring that defendants who were not adjudged guilty and whose records were expunged will be included in the particular prohibition. The most prominent example of this office's use of this reasoning can be found in the opinions that have concluded that defendants whose records were expunged are not eligible to become law enforcement officers because of the prohibition stated in A.C.A. §12-9-106 (which prohibits persons who plead, or who are found guilty of a felony from being law enforcement officers). See Ops. Att'y Gen. Nos.94-308; 94-148; 89-093; 89-056; 83-217.
I believe that the same reasoning can be applied in analyzing the issue you have raised. The pertinent provision of A.C.A. § 6-17-414 states:
 (b)(1) No person shall be eligible for employment by a local school district or education service cooperative in a noncertified staff position if that person has pleaded guilty or nolo contendere to or has been found guilty of any of the following offenses by any court in the state of Arkansas or of any similar offense by a court in another state or of any similar offense by a federal court: [the statute goes on to list various offenses].
A.C.A. § 6-17-414(b).
Because the above-quoted statutory language makes specific reference to persons who have "pleaded guilty or nolo contendere" as well as to persons who have been "found guilty," it can reasonably be interpreted as specifically including persons who were not adjudged guilty and whose records have been expunged (as explained above). Again, it should be noted that persons whose records have not been expunged all fall within the category of persons who have been "found guilty," or who have "convictions" on their records, even if they pled guilty or nolo contendere, because adjudications of guilt are entered against them. Therefore if the legislature had intended to prohibit only those persons from being employed by school districts, and not persons whose records were expunged, it would only have referred to persons who were "found guilty." It would not have been necessary for the legislature to have referred to persons who have "pleaded guilty or nolo contendere." The legislature's reference to such persons reflects its intent that expunged defendants, as well as non-expunged defendants, not be employed by school districts.
For this reason, I conclude that the above-quoted language of A.C.A. §6-17-414 can reasonably be interpreted to constitute an exception to the expungement laws, and that under this provision, persons whose records have been expunged of the listed offenses are not eligible for employment in non-certified positions with a public school district.
I feel compelled to note that the confusion that gave rise to your question could have easily been avoided if the legislature had simply stated explicitly that it intended to include expunged defendants in the prohibition of A.C.A. § 6-17-414. The legislature has done so in other contexts. For example, Act 595 of 1995 amended the "felon-in-possession" statute (A.C.A. § 5-73-103), specifically providing that expunged felony adjudications could be used as underlying convictions to support felon-in-possession charges.[1] Another example is A.C.A. § 6-17-410, in which the legislature specifically differentiated between defendants who have pled guilty or nolo contendere and those whose records have been expunged of certain named offenses. In particular, A.C.A. §6-17-410(e)(2)(G) specifies that having a record that has been expunged of any sexual or physical abuse offense committed against a child will constitute cause for suspension, revocation, or placing on probation of a teacher's license. This specific reference to expungement is included even though the statute also authorizes the same action with regard to any person who has "pleaded guilty or nolo contendere to, or who has been found guilty of" the same offenses. The specific reference to expungement obviates any confusion as to the scope of the provision. The legislature could provide similar clarity in the other contexts in which it intends to prohibit expunged defendants, as well as non-expunged defendants, from engaging in certain activities.
Despite this concern about the clarity of the language of A.C.A. §6-17-414, I reiterate that the conclusion I have reached herein is that persons who have had their records expunged under the provisions of Act 346 of 1975 are not eligible for employment with a school district in a non-certified position. I note that the result will be the same if the defendant's record was expunged under A.C.A. §§ 5-64-407, 5-4-311,16-90-601, 16-90-602, 16-90-605, 16-93-301—16-93-303, or 16-93-1207, because the definitions, effect, and procedures of A.C.A. § 16-90-901 etseq. apply to those expungements. See A.C.A. § 16-90-901. If the defendant's record was expunged under some other law, the question of the effect of the expungement will depend upon the provisions of that law.
Question 2 — Is the Department required to determine that an applicant isineligible for employment in a non-certified position with a publicschool district pursuant to A.C.A. § 6-17-414 when the sentence waspursuant to Act 346 or other expungement provisions, but the applicant'sconviction has not yet been expunged from the criminal background resultsreported to the Department?
It is my opinion that if the Department receives a criminal background report showing that an applicant for a non-certified position has a record of any of the offenses listed in A.C.A. § 6-17-414, the Department must deem the applicant ineligible for the position, notwithstanding the fact that the sentence was rendered pursuant to Act 346 of 1975. The question of whether this would be the result in a situation where the sentence was rendered under some other expungement provision will depend upon the specific provisions of that law.
As noted in response to Question 1, my conclusion would be the same even if the record had already been expunged. But even if expungement dictated a different conclusion than that which is stated in response to Question 1, the plain language of the expungement law indicates that any benefits that might result from expungement under Act 346 do not attach before the expungement occurs. The pertinent provision is A.C.A. § 16-93-303(b), which states:
 (b) Upon fulfillment of the terms and conditions of probation or upon release by the court prior to the termination period thereof, the defendant shall be discharged without court adjudication of guilt, whereupon the court shall enter an appropriate order which shall effectively dismiss the case, discharge the defendant, and expunge the record, if consistent with the procedures established in § 16-90-901 et seq.
A.C.A. § 16-93-303(b) (emphasis added).
The "procedures established in A.C.A. § 16-90-901 et seq." require that the defendant petition the court for an order of expungement. See A.C.A. § 16-90-903. Until that order has been entered, the record is not expunged.
A.C.A. § 16-90-905 states:
 (2) No order to seal or expunge records covered by this subchapter shall be effective unless the uniform order is entered.
A.C.A. § 16-90-905.
Accordingly, until the order of expungement is entered pursuant to A.C.A. § 16-90-901 et seq., any background report on the defendant must include the as yet un-expunged offense. Such a defendant is not yet entitled to any benefits of expungement. Therefore, an applicant for a non-certified position whose background report reflects an as yet un-expunged offense that is included in the list of offenses in A.C.A. §6-17-414 falls within the prohibition of that statute, and the Department must deem that applicant not to be eligible for the position. If the sentence was rendered under some other expungement law, the result will depend upon the particular provisions of that law.
I reiterate that, as indicated in response to Question 1, my conclusion regarding this matter would be the same even if the record had already been expunged.
Question 3 — Pursuant to A.C.A. § 6-17-414, is the Department to relyonly on the criminal background information reported to the Department bythe Arkansas State Police when determining whether an applicant iseligible for employment, or must the Department review the entire courtrecord when a party challenges the criminal background informationreported to the Department?
It is my opinion that state law does not require the Department to go beyond the background report that is provided by the Arkansas State Police. The implications of the provisions of A.C.A. § 6-17-414 are that the Department is only expected to rely upon the report that is provided to the Department by the Arkansas State Police. However, it should be noted that A.C.A. § 6-17-414 does not prohibit the Department from going outside this report, if its internal policy so requires. The Department may have good reason in particular cases to investigate beyond that report, and its internal policy may accommodate the need to do so. However, the Department is not, in my opinion, required to do so.
Question 4 — If the Department is required to review the full courtrecord to determine the eligibility status of an applicant when theA.C.A. § 6-17-414 criminal record is challenged, who has proper standingto challenge the criminal record reported to the Department (i.e., theapplicant, the employer, court officer, other parties)?
As indicated in response to Question 3, it is my opinion that the Department is not required to conduct such a review. This conclusion may render Question 4 moot. Moreover, questions regarding challenges to criminal record reports will turn largely on the facts and circumstances of each case, and indeed, may, in some instances, be strategic rather than legal in nature. For this reason, the Department's stance in a case involving such a challenge must be evaluated by the Department in light of the facts and circumstances of that case, in consultation with the Department's own counsel.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] Act 595 was never codified. For a discussion of the reasons that the act was not codified, see Op. Att'y Gen. No. 96-247. Its provisions nevertheless remain viable, at least as to expungements after the effective date of the act. See Op. Att'y Gen. No. 2001-260.